**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JESSE DORSZ,**

     Petitioner,

**v.**

             **Civil Action No. 3:18-CV-129**
             **(GROH)**

**FREDERICK ENTZEL, Warden,**

     Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 13, 2018, the pro se Petitioner, a federal inmate,[1] filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"). ECF No. 1.[2] Attached to the petition was a four-page memorandum of law in support thereof. ECF No. 1-1. Petitioner objects to the Bureau of Prison's ("BOP") decision to place him in a Residential Reentry Center ("RRC") for only 92 days and seeks to increase his referral to 181 – 270 days as recommended by his unit team. ECF No. 1-1 at 1.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rules of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] Petitioner filed the instant Petition while housed at Federal Correctional Institution ("FCI") Hazelton, and has subsequently been released. ECF No. 1; Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

[2] ECF Numbers cited herein refer to Case No. 3:18-CV-129, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY[3]

### A.   Conviction and Sentence

On March 13, 2009, in the District of Maryland, a seven-count second superseding indictment was returned against Petitioner.  ECF No. 65.  On June 23, 2009, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, and Possession of a Firearm in Furtherance of Drug-Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) and 2, as charged in Counts 1 and 7 of the second superseding indictment, respectively.[4]  ECF No. 81. On April 15, 2010,[5] the District of Maryland sentenced Petitioner to 150 months as to Count 1 and 60 months as to Count 7, to run consecutively, for a total term of imprisonment of 210 months.  ECF No. 111 at 2.

### B.   Direct Appeal

On April 19, 2010, Petitioner filed a notice of appeal to the Fourth Circuit in that Court's Docket No. 10-4453, arguing that his guilty plea was involuntary.  ECF Nos. 113, 115.  On November 18, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence, holding that "Dorsz has not shown that his substantial rights were affected by any purported error," and that "Dorsz repeatedly and emphatically declined

---

[3]  Unless otherwise noted, the facts in sections II.A., II.B., and II.C. refer to the docket in Petitioner's Criminal Case No. 1:07-CR-399 in the United States District Court for the District of Maryland, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[4]  Counts 2 through 6 of the Second Superseding Indictment were dismissed on motion of the United States.  ECF No. 111 at 1.

[5]  Judgment was imposed on April 15, 2010, but was not entered into the record until April 19, 2010.  ECF No. 111.

to move to withdraw his plea."  <u>United States v. Dorsz</u>, 402 Fed. App'x 759, 760 (4th Cir. 2010); ECF No. 124 at 5.

### C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief

On June 18, 2012, Petitioner filed a § 2255 Motion[6] "claim[ing] his indictment, prosecution, conviction, and subsequent sentence constituted acts well beyond the legislative authority of the United States as Congress was only given the authority to 'define' and 'punish' acts of counterfeiting, piracy, and treason."  ECF No. 134 at 1. The Government filed a response on September 24, 2012, and Petitioner replied on October 19, 2012.  ECF Nos. 132, 133.  The District of Maryland dismissed Petitioner's § 2255 Motion as time barred with no certificate of appealability on November 2, 2012.  ECF No. 134 at 4.

### III. <u>LEGAL STANDARD</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[6] Petitioner filed written objections to the District of Maryland's re-characterization of the petition in that matter as a § 2255 Motion.  ECF No. 128.  In his reply to the Government's response in that matter, Petitioner alleged that the United States District Court for the District of Maryland had "committed 'treason' in its characterization of the petition as a motion to vacate."  ECF No. 134 at 2.

## IV.  ANALYSIS

Petitioner, Federal Bureau of Prisons ("BOP") inmate number 05186-748, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241, asserting that "B.O.P. staff has failed to follow [its] own policy" in refusing to re-submit Petitioner's request for "a refer[r]al to other area half-way house[s] for a longer time in re-entry."  ECF No. 1 at 5. The Petitioner requests relief in the form of a court "order to B.O.P. staff to re-submit [him] to the half-way house for 180 to 270 days in the surrounding states of Maryland to see if [his] period of re-entry can be extended."  Id. at 8.  Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof."  According to the BOP Inmate Locator service,[7] Petitioner was released from BOP custody on May 9, 2019.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this Court lacks jurisdiction, this Court cannot entertain the instant Petition.

---

[7]  Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as FCI Hazelton, the Clerk of the Court is **DIRECTED** to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date.  The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as

applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 19, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE